CATHERINE J. COLVIN *vs.* ISAAC N. PEABODY & another.

Essex.    November 4, 1891. — November 30, 1891.

Present: ALLEN, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Master and Servant — Negligence — Due Care.*

A point, which does not appear to have been taken at the trial, is not open upon a bill of exceptions.

A dealer in fireworks contracted to " furnish and fire " a display thereof for a city celebration, and procured two men to make it for him; and during the display a woman was injured. In an action brought by her against the dealer for her injuries, which were alleged to have been caused by a bomb or a fragment of a bomb, there was evidence that the display was made in an enclosure set apart by the city, the bombs being fired perpendicularly into the air; that near where the plaintiff stood a fragment of a bomb and several rocket shells were picked up; that the enclosure was too small for perpendicular firing to be safe; that insufficient time was taken for preparation, and the firing was done in somewhat of a hurry; that due care in firing bombs required that the mortar should be so aimed that the bombs would not fall upon the spectators; that the substance which hit the plaintiff fell at a place far from where it was intended to fall or safe for it to fall; and that the plaintiff when struck was standing in the midst of the crowd gathered to see the display, and, apparently, in the place where they were expected to stand. *Held,* that the case was properly submitted to the jury.

TORT, against Isaac N. Peabody and Benjamin M. Wedger, for personal injuries alleged to have been caused to the plaintiff from being struck by a bomb or a fragment of a bomb. At the trial in the Superior Court, before *Blodgett*, J., a verdict was ordered for the defendant Wedger, and the only issue was the liability of the defendant Peabody.

There was evidence tending to prove the following facts. In May, 1890, the city council of the city of Lawrence appropriated two thousand dollars for a Fourth of July celebration, of which six hundred dollars were set apart for a display of fireworks. A committee of the city council on fireworks was appointed, and in response to a letter from the chairman of a sub-committee thereof, the defendant Peabody wrote stating the terms on which he would " furnish and fire " a display of fireworks on the common in that city, saying further: " Should you decide to place the order with us, we will send you good men to make the dis-

play." The committee thereupon accepted the defendant's proposition to "furnish and fire" the display. The defendant accordingly procured Walter Wedger and one Tully to fire the display for him, and sent them to Lawrence with the supply of fireworks for that purpose. The enclosure in which the fireworks were to be set off consisted of a portion of the common in Lawrence, which had been roped off from the rest of the common, and was pointed out to them as the proper place by the chairman of the sub-committee. This enclosure had been used for a balloon ascension in the afternoon, and it was late before the defendant's men got possession, so that the display was fired without sufficient time to set it up properly. In addition, the enclosed space thus furnished the defendant's men in which to work was not large enough for safety, and, although the pieces of bombs discharged by them from mortars should have fallen within the enclosure, they did not so fall after they had been discharged. The bombs were fired by them perpendicularly into the air, with the expectation that the wind would carry the fragments away from the spectators. The direction of the wind was noted by Wedger and Tully at the beginning of the display, and was then such as to carry the fragments of the exploded bombs away from the crowd, but it was not afterwards tested. A large crowd was collected upon the common outside of this enclosure for the purpose of seeing the display. The plaintiff, while standing in about the middle of this crowd at a distance of three or four hundred feet from the enclosure, was struck and injured by what she contended was an unexploded bomb or the fragment of a bomb. A piece of the shell of a bomb which might or might not have been exploded was picked up near where the plaintiff was struck, and also several empty rocket shells. The only explanation given for the falling of this fragment where it did was that the wind had changed after the display began.

At the conclusion of the evidence the defendant Peabody requested the judge to rule:

"1. That upon all the evidence in the case the plaintiff cannot recover, and the jury must find a verdict for the defendant.

"2. That if the jury shall find that any other persons than the defendant's agents directed or controlled the display of said

fireworks without the authority and assent of the defendant, the plaintiff cannot recover.

" 3. That if there was any interference with the display of the fireworks from any cause of which the defendant had no knowledge that would prevent the men sent by the defendant from a prudent management of the display of the fireworks, the defendant cannot be liable for the injuries caused thereby.

" 4. If the jury find that the defendant made a contract with the city of Lawrence to furnish and fire a display of fireworks upon its common on July 4, 1890, for hire, and the city therefor agreed to pay six hundred dollars, and furnish police protection, and the defendant furnished fireworks bought of a reputable manufacturer and sent competent persons to fire the same, and the city did not furnish police protection, or did not give the persons sent possession of the enclosure a reasonable length of time to prepare for making the display, or did not give a proper enclosure therefor, the defendant is not liable if the persons sent, without his knowledge, proceeded to fire said display.

" 5. If Walter Wedger and Tully were following the instructions of the committee, without the knowledge of the defendant, and the bombs were fired in pursuance of those instructions, the defendant will not be liable."

The judge declined so to rule, but instructed the jury that, as matter of law, Walter Wedger and Tully were the agents of the defendant Peabody ; that if there was carelessness on their part, and their negligence, either alone or combined with the negligence of the committee of the city government having in charge the matter of the display, caused the injury to the plaintiff, she was entitled to recover, provided she was in the exercise of due care when injured. As to the fifth request the judge instructed the jury as follows : " There are two answers to that. In the first place, there is not a particle of evidence coming from anybody that they followed the instructions of the committee in any respect in giving the exhibition, other than in regard to the space to be used or in regard to the time they had to give the display. Nobody says that there was any direction as to how the mortar should be placed, or how to fire these bombs. Then, secondly, if the committee did interfere, I should still rule, as before, that the defendant would still be responsible."

The jury returned a verdict against the defendant Peabody; and he alleged exceptions.

*J. C. Ivy*, for Peabody.

*J. P. Sweeney*, for the plaintiff.

ALLEN, J.  1. Upon the uncontradicted facts, it is quite clear that Wedger and Tully were acting for the defendant in firing the fireworks, and the instruction that he was responsible for their negligence was correct.

2. The defendant now contends that the declaration alleges injury to the plaintiff from a bomb, while the evidence is consistent with the supposition that she was injured by a rocket; and that therefore the declaration is not supported.  As to this ground of objection, it would be enough to say that it does not appear to have been taken at the trial; but if it had been, the evidence was sufficient to be submitted to the jury.

3. There was sufficient evidence for the jury of the negligence of the defendant's agents.  The evidence tended to show that the mortars were discharged in too small an enclosure for perpendicular firing to be safe; that insufficient time was taken for preparation; that the firing was done in somewhat of a hurry; that due care in firing bombs requires that the mortars should be so aimed that the bombs will not fall upon the people; and that the bomb or shell which hit the plaintiff fell at a place far from where it was intended to fall, or safe for it to fall.  The defendant now contends that there was no evidence of the negligent firing off of a particular mortar from which the plaintiff received her injury.  There was, however, nothing to show that anybody else was discharging mortars near by, and the jury might well find that she was hurt by a bomb or fragment of a shell carelessly fired from a mortar by the defendant's agents, and this was enough, without identifying the particular mortar, or the particular discharge, or tracing the bomb in its flight.

4. The evidence of ordinary care on the part of the plaintiff was sufficient.  The evidence tended to show that she stood in the midst of the crowd that had gathered to see the display, and, apparently, in the place where they were expected to stand.

*Exceptions overruled.*