THOMAS A. SCANLON *vs.* BENJAMIN M. WEDGER.

WILLIS E. BURNHAM *vs.* SAME.

GEORGE MASON *vs.* SAME.

HENRY AR FOON *vs.* SAME.

Suffolk.    November 19, 1891. — June 21, 1892.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Display of Fireworks in Public Highway — Voluntary Spectator.*

A voluntary spectator, who is present merely for the purpose of witnessing a display of fireworks in a public highway of a city, must be held to consent to it, and he suffers no legal wrong if accidentally injured without negligence on the part of any one, although the show was unauthorized. MORTON & KNOWLTON, JJ. dissenting.

TORT, for personal injuries occasioned to the plaintiffs by the explosion of a mortar used in a display of fire-works on the evening of September 27, 1888. At the trial in the Superior Court, the jury returned a verdict for the defendant, and *Hammond,* J. reported the case for the determination of this court. The facts appear in the opinion.

The case was argued at the bar in November, 1891, and afterwards was submitted on the briefs to all the judges.

*S. Z. Bowman,* for the plaintiffs.

*C. S. Lincoln,* for the defendant.

ALLEN, J. The several plaintiffs were injured by the explosion of a bomb or shell during a display of fireworks in Broadway Square, which was a public highway in Chelsea. This display was made by the defendant Wedger, who acted under a license from the mayor and aldermen of Chelsea for a display of fireworks in Broadway Square on that evening, under Pub. Sts. c. 102, § 55. A verdict was returned for the defendant, and the jury made a special finding that the defendant in firing the bomb exercised reasonable care. The case comes to us on a report which states that if, on the facts contained therein, and on said finding, the plaintiffs are entitled to recover, the case is to be remitted to the Superior Court for the assessment of damages; otherwise, judgments are to be entered for the defendant.

It is therefore to be considered whether it appears affirmatively that the plaintiffs were entitled to recover.

The plaintiffs apparently were present at the display of fireworks as voluntary spectators, and were of ordinary intelligence. No fact is stated in the report to show the contrary, nor has any suggestion to that effect been made in the argument. The plaintiffs have not rested their claims at all upon the ground that they were merely travellers upon the highway, or that they were unaware of the nature and risk of the display. The report says: " A considerable number of persons were attracted to said square by said meeting, and said bombs and other fireworks which were being exploded there. . . . A portion of the centre of said square, about forty by sixty feet, was roped off by the police of said Chelsea, and said bombs or shells were fired off within the space so enclosed, and no spectators were allowed to be within said enclosure. . . . The plaintiffs were lawfully in said highway at the time of the explosion of said mortar, and near said ropes, and were in the exercise of due care."

The bombs or shells are described in the report, and they were to be thrown from mortars into the air, it being intended that they should explode in the air and display colored lights. They were apparently a common form of fireworks, such as has long been in use.

The ground on which the plaintiffs place their several cases is, that the Pub. Sts. c. 102, § 55, did not authorize the mayor and aldermen of Chelsea to license the firing of anything but rockets, crackers, squibs, or serpents, and that therefore the act of the defendant in firing bombs or shells was unauthorized and unlawful. It is not contended that it was at the time supposed, either by the defendant or by anybody else, that the license was insufficient to warrant the display which was actually made. The licensee was the chairman of a committee which had a political meeting in charge, and the defendant acted at the request of the committee, and was directed by them as to when and where to fire off the fireworks.

Under this state of things it must be considered that the plaintiffs were content to abide the chance of personal injury not caused by negligence, and that it is immaterial whether there was or was not a valid license for the display. If an

ordinary traveller upon the highway had been injured, different reasons would be applicable. *Vosburgh* v. *Moak*, 1 Cush. 453. *Jenne* v. *Sutton*, 14 Vroom, 257. *Conradt* v. *Clauve*, 93 Ind. 476. But a voluntary spectator, who is present merely for the purpose of witnessing the display, must be held to consent to it, and he suffers no legal wrong if accidentally injured without negligence on the part of any one, although the show was unauthorized. He takes the risk. See Pollock on Torts, 138–144.

In the opinion of a majority of the court, the entry must be,

*Judgments for the defendant.*

MORTON, J. I dissent from the opinion of the majority of the court. The majority regarded as immaterial the question whether the license was valid or not. It may be treated, therefore, as void, as I think it was. If it was void, then the defendant Wedger was using the highway for a purpose that was dangerous, unlawful, wrongful, and unjustifiable as against anybody lawfully in the highway and in the exercise of due care, as it is expressly found that the plaintiffs were, and is liable for any injury caused to them by the explosion, whether they were travellers or not, unless they participated or aided in the display, or contributed by their own conduct to their injuries, or assumed the risk of injury. It is not claimed that there is any evidence that they participated or aided in the display. There is no evidence that they were guilty of contributory negligence. It is said, however, that they assumed the risk. What are the facts? Merely that a political meeting was being held in the square, to which a considerable number of persons had been attracted, and that bombs and other fireworks were being discharged there, and that, at the time of the explosion, the plaintiffs were near the rope that enclosed the space that had been roped off for discharging the fireworks, but were lawfully there and in the exercise of due care. There is no evidence that they knew or had any reason to suppose that such mortars were liable to explode and injure bystanders, or that they were familiar with their construction or the manner in which they were fired, or were aware that the bombs were charged with an explosive more powerful than ordinary gunpowder. There is nothing to show that they had any knowledge or suspicion that they were

incurring any risk by being where they were. An inference or a conclusion that they were not unaware of the risk rests, it seems to me, entirely on assumption. The most that can be said of them is, that they were voluntary spectators of the display. But before they can be held to have assumed the risk it must appear that they knew all the facts material to the risk, and appreciated and understood it. *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155. *Anderson* v. *Clark*, 155 Mass. 368. *Mahoney* v. *Dore*, 155 Mass. 513. It is carrying the doctrine of assumption of the risk further than I think it has ever been carried, to say that one who, being lawfully on the highway and in the exercise of due care, observes as a spectator an unlawful and dangerous exhibition in it, assumes the risk of injury from it. The exhibitor is bound at his peril to see that he has a valid license. If he selects the highway for an unlawful and dangerous display designed or calculated to attract the public, he, and not the spectators, assumes the risk of injury. It is of no consequence that the defendant exercised reasonable care in firing the bomb. It is a contradiction of terms to say of one engaged in an unlawful, dangerous, wrongful, and unjustifiable business, that he used due care in it. Due care is predicated of something which a person may lawfully do, but which by his negligent manner of doing it may become injurious to others; not of something which he has no right whatever to do. Further, the question of assumption of the risk is ordinarily one of fact for the jury. Cases *supra.* The plaintiffs are not bound to show that they did not assume the risk. Unless it appears that they did, they are entitled to recover. This court cannot say, as matter of law, upon the facts stated, that the plaintiffs assumed the risk. Nothing is disclosed as to the circumstances under which the plaintiffs were present. For aught that appears, they might have been travellers, stopping for a moment on their way through the square, or detained by the crowd.

It is difficult to see what the plaintiffs' supposition, if they did suppose it, that the exhibition was a lawful one, had to do with their assumption of the risk, and still more difficult to see it, if the exhibition was, as it proved to be, unlawful.

I understand the question submitted to this court by the report to be, whether, upon the facts therein stated, and upon the find-

ing of the jury as to reasonable care on the part of Wedger, the plaintiffs were entitled to recover. I think they were, and that no other conclusion is warranted on principle or by authority. *Cole* v. *Fisher*, 11 Mass. 137. *Moody* v. *Ward*, 13 Mass. 299. *Vosburgh* v. *Moak*, 1 Cush. 453. *Congreve* v. *Smith*, 18 N. Y. 79. *Congreve* v. *Morgan*, 18 N. Y. 84. . *Cohen* v. *New York*, 113 N. Y. 532. *Jenne* v. *Sutton*, 14 Vroom, 257. *Fletcher* v. *Rylands*, L. R. 1 Ex. 265, 279, *et seq.* As the opinion of the majority does not consider the matter of the release set up by the defendant Wedger, I have not done so, but have assumed that nothing which occurred operated to release him.

I think, therefore, that in accordance with the terms of the report the entry should be, cases remitted to the Superior Court for the assessment of damages. Mr. Justice Knowlton concurs in this opinion.