### HAACK v. BROOKLYN LABOR LYCEUM ASS'N et al.

(Supreme Court, Appellate Division, Second Department. April 22, 1904.)

1. NEGLIGENCE—DEFECTIVE WALL—INJURY FROM FALL. .

   Defendant conducted a public saloon, access to which was over an alley on its property, leading from the street. At the side of the alley, on its property, stood a portion of a wall of its building, destroyed by fire 40 days before, which bulged out so as to indicate it was dangerous and likely to fall. No barriers or danger signs were erected, and plaintiff, a boy 12 years old, went into the alley a few feet to get some tickets lying on the ground, when the wall fell, injuring him. *Held*, that he was entitled to the same degree of protection from defendant against danger as he would have been on a highway, and that the question of negligence was for the jury.

Appeal from Special Term, Kings County.

Action by Bruno Haack, an infant, by Laura A. Haack, his guardian ad litem, against the Brooklyn Labor Lyceum Association and others. From a judgment on dismissal of the complaint at the close of the evidence on both sides, plaintiff appeals as against defendant association. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

James C. Cropsey (F. W. Catlin, on the brief), for appellant.
Edward S. Seidman (Alfred D. Senftner, on the brief), for respondents.

WILLARD BARTLETT, J. In this action the plaintiff, who at the time of the accident was under 12 years of age, sought to recover against the Brooklyn Labor Lyceum Association, Joseph Heilig, and the city of New York, damages on account of injuries sustained by him in consequence of the fall of a wall of a building belonging to the first-named defendant, which had been partially destroyed by fire. The defendant Joseph Heilig was a contractor employed by the owner to take down and remove that portion of the building which remained after the fire. The complaint charged him with negligence in failing to support and protect the walls while he was at work, and alleged negligence on the part of the city of New York in permitting the walls and other portions of the building to remain for a long time in a dangerous condition. In this court, however, the learned counsel for the plaintiff does not insist upon the right of his client to enforce any liability against either the contractor or the city, and he expressly

states in his brief that this appeal is prosecuted only against the Brooklyn Labor Lyceum Association. The only question which we have to consider, therefore, is whether the plaintiff upon the trial made out a case which entitled him to go to the jury as against the owner of the building by the fall of which he was injured.

The structure which was burned was known as the "Lyceum Building." It was situated on Willoughby avenue, between Charles Place and Evergreen avenue, in the borough of Brooklyn. Upon a lot immediately adjoining this building in the rear, 65 feet from the street, was another structure, known as the "Gymnasium Building." On December 20, 1900, the Lyceum building was practically destroyed by fire, but after the fire a portion of the east wall, two or three stories high, remained standing, which bulged out over the lot in such a manner as to indicate that it was dangerous and likely to fall. It remained in this condition from the date of the fire until the 30th day of January, 1901, when the accident occurred. A liquor saloon was maintained by the association in the Lyceum building prior to the fire. After the fire, according to the testimony of the manager of the corporation, the Brooklyn Labor Lyceum Association "ran the saloon" in the Gymnasium building under the same license. "We got going," says the witness, "as soon as we could after the fire. That was a public saloon. Anybody could come in and get a drink that paid for it." This saloon was not accessible directly from the street, but access thereto was obtained by passing through an alleyway wholly upon the property of the association. The wall which fell stood on the side of this alleyway. There were no barriers there at the time of the accident, and no danger signs until afterward.

The plaintiff, while passing along Willoughby avenue, in the vicinity, on his return from an errand upon which he had been sent by his mother, had his attention attracted to the alleyway by seeing some boys there who were picking up tickets on the ground. He ascertained from them what they were doing, and then· went into the alley himself to pick up some of the tickets, and while there was struck and injured by the falling of the wall. According to his narrative of the occurrence, he saw no sign of any danger; no one ordered him out; he had been in the alley only two or three minutes when the wall fell upon him; and the place of the accident was only about 15 feet from the public street.

It is sufficiently evident from the proof in regard to the maintenance of the saloon by ·the respondent in the Gymnasium building that the association held out an invitation to the public to make use of the alleyway for the purpose of access to the saloon. Although the alley was a private property of the association, its use by the owner was such as to indicate to the public generally, including the plaintiff, that it was a place which they might enter or pass through for any lawful purpose without becoming trespassers. This being the situation, what was the obligation of the owner·of the premises in reference to protecting such persons entering the alley from injury by reason of the dangerous wall standing thereon? It has been held that a building adjoining a highway, which is in such a condition as to endanger the safety

of persons passing along it, is a nuisance.   Vincett v. Cook, 4 Hun, 318.
"The law casts upon the owners of buildings so situated," said Gilbert,
J., in the case cited, "the duty of preventing their being or becoming
dangerous to persons lawfully passing along the highway.   Failure
in such duty, and resulting damage, furnish prima facie evidence of
negligence by the maxim res ipsa loquitur."   Although this alley was
not a highway, it was, it seems to me, a place where any lawful visitor
was entitled to the same degree of protection as he would have been
upon a highway against injury from dangerous buildings adjacent
thereto.   The owner and occupant of premises on which there is an
open way between a public street and a public saloon on such prem-
ises, to which all are invited, owes the duty to any person lawfully
coming upon said premises, along such open way, to take reasonable
care to prevent such person from being injured by a dangerous struc-
ture standing thereon and liable to fall.   Such seems to me to be the
reasonable rule deducible from the general principles of the law of
negligence as applicable to the owners of real property.   Where the
life of a building has been destroyed by fire, and the walls are no longer
used in supporting it, but such wall constitutes merely a part of the
ruins of the building, to maintain it after the expiration of a reasonable
time for investigation and for its removal, is not a reasonable and
proper use of one's property.   Ainsworth v. Lakin, 180 Mass. 397, 62
N. E. 746, 57 L. R. A. 132, 91 Am. St. Rep. 314.   A failure to remove
a wall of this character on the part of its owner is still less reasonable
or proper when its dangerous condition is known or ought to be known
to the owner, unless he takes reasonable precautions to give warning
of the existence of the danger to persons coming into the vicinity at
his invitation, express or implied.

I think there was enough to go to the jury on the question whether
the respondent association discharged the duty of care which it owed
the plaintiff, and that it was error to dismiss the complaint as against
this defendant.   It does not seem to me that the case of Walsh v. Fitch-
burg R. R. Co., 145 N. Y. 301, 39 N. E. 1068, 27 L. R. A. 724, 45 Am.
St. Rep. 615, which was a turntable case, is an authority against the
plaintiff's position, for even there it was held that the defendant owed
the injured lad the duty to abstain from injuring him by failing to
exercise reasonable care.   The Court of Appeals merely denied that
the railroad company owed the plaintiff the duty of active vigilance
to see that he was not injured while upon its land.   There is no sug-
gestion in the present case that the respondent was bound to be actively
vigilant to protect the plaintiff, but the claim is that it failed to exercise
reasonable care in that regard; and I think there is proof in the rec-
ord upon which the jury might have found such to be the fact, although,
of course, they were not bound to do so.   Neither does the case of
Engel v. Eureka Club, 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep.
692, lay down any rule of law the application of which would exonerate
this respondent from liability.   There the owner of a building entered
into a contract with a competent builder to take down a wall, and,
in consequence of negligence on the part of the contractor in taking
down the wall, it fell and killed the plaintiff's intestate.   Under these

circumstances, the court held that the contractor, and not the owner, was liable. In the case at bar, however, the accident was not attributable in any manner to the action of Heilig, the contractor, in dealing with the burned building, for he himself testified that he was not pulling down that wall when the accident happened, and had not started to pull it down, and had not touched it or done any work at all upon it. If the foregoing views are correct, they require a reversal of the judgment.

Judgment reversed and new trial granted; costs to abide the event. All concur.