MARY F. CROWLEY, Appellant, *v.* ROCHESTER FIREWORKS COMPANY, Respondent.

*Negligence — injury from a rocket stick to one witnessing an exhibition of fireworks — negligence must be proved — the principle of* res ipsa loquitur *not applicable — proof that other rocket sticks had fallen among the spectators as evidence of negligence.*

A fireworks company which, under a contract with a city, gives an exhibition of fireworks in one of the city parks, is not liable for personal injuries sustained by a person viewing the exhibition from a street adjacent to the park in consequence of her being struck by the stick of an exploded rocket, unless it appears that the fireworks company was guilty of negligence in discharging the rocket.

Proof of the happening of the accident is not sufficient evidence of such negligence, and the doctrine of *res ipsa loquitur* does not apply.

The legal status of a spectator standing in the street witnessing the display is different from that of a traveler passing through the street.

*Semble,* that if, prior to the accident, several rockets had fallen among the spectators, it might be that the fireworks company should have observed what was happening and should have changed the direction of the rockets.

SMITH, J., dissented.

APPEAL by the plaintiff, Mary F. Crowley, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 21st day of October, 1903, upon a nonsuit granted by the court after a trial at the Albany

Trial Term, and also from an order entered in said clerk's office on the 21st day of October, 1903, directing such nonsuit.

*J. Newton Fiero* and *John F. Brady*, for the appellant.

*Peter A. Delaney* and *John Gutmann*, for the respondent.

HOUGHTON, J.:

The city of Albany entered into a contract with the defendant to give an exhibition of fireworks in one of its public parks. The plaintiff was one of the numerous spectators and chose her position in a street adjacent to the park and at no great distance from the place of firing. When the exhibition had been in progress about half an hour and several large rockets had been fired, without damage, the plaintiff while gazing upward was hit in the face by the stick of an exploded rocket and severely injured.

At the close of the plaintiff's evidence the court granted the defendant's motion for a nonsuit, and from the judgment entered thereon the plaintiff appeals.

The appellant urges that the defendant was guilty of a nuisance *per se*, in discharging fireworks in such proximity to a public highway as to be dangerous to persons traveling thereon, and was, therefore, liable irrespective of any question as to its negligence in the manner of doing it. We do not think this is so. The display was not unlawful of itself. The authorities of the city of Albany had sanctioned and directed that the display take place in its park. Besides, the plaintiff was not, in a legal sense, using the public highway for the purposes of travel. She selected her position as a place of view. She was not a passer-by injured by an unforeseen, unlawful act. We do not mean to be understood that she was guilty of negligence, as matter of law, in standing as she did, but her legal status was changed so that she cannot invoke the principle of protection accorded to a mere passer-by injured by the discharge of fireworks in such proximity to the public highway as to be dangerous. (1 Thomp. Neg. [2d ed.] § 791.)

The principle upon which the defendant was held liable in *Speir* v. *City of Brooklyn* (139 N. Y. 6) was quite different from that involved in the present case. There fireworks were discharged in the street and a rocket entered a window of plaintiff's house and set

it on fire. In the course of the opinion, however, the court in that case says : " It has been decided in some cases that the discharge of fireworks in the streets of a city or village is a nuisance *per se,* and subjects persons engaged in the transaction to responsibility for any injury to person or property resulting therefrom. \* \* \* It may be doubted whether the doctrine in its full breadth can be maintained. The practice of making the display of fireworks a part of the entertainment furnished by municipalities on occasions of the celebration of holidays or the commemoration of important public events, is almost universal in cities and villages, and we are not prepared to say that this may not be done, and that streets and public places may not be used for this purpose, under the supervision of municipal authorities, due care being used both as to the place selected and in the management of the display, without subjecting the municipality to the charge of sanctioning a nuisance and the responsibility of wrongdoers."

In the well-considered case of *Dowell* v. *Guthrie* (99 Mo. 653) it was held that the discharge of fireworks from a veranda in front of the second story of a court house in the populous part of a small city, from troughs so arranged that the rockets would pass over the assembled people, who were there for the purpose of witnessing the display, was not of itself an unlawful or wrongful act; and that a spectator injured under such circumstances occupied a different position from one injured while making the ordinary use of the highway for the purpose of travel.

It is manifestly the rule that where the person injured is not at the time in the ordinary public use of the highway for the purposes of travel, but is attending a celebration or exhibition permitted by municipal authorities as a voluntary spectator, the question of the liability of the person discharging the fireworks depends upon whether there was negligence in discharging them. (*Dowell* v. *Guthrie, supra; Scanlon* v. *Wedger,* 156 Mass. 462; *Frost* v. *Josselyn,* 180 id. 389.) The plaintiff's counsel must have been of this opinion, for the complaint is clearly one in negligence alone.

But upon the theory of negligence the appellant insists that the mere happening of the accident was sufficient proof of negligence.

Thompson in his Commentaries on Negligence (*supra*), after citing and commenting upon the cases arising out of injuries to

spectators by the discharge of fireworks, says : " It follows that, in an action for damages for such an injury, the burden will be upon the plaintiff to show negligence on the part of the defendant over those for whom he is responsible, and the mere fact of an accident proceeding from such a source will not be evidence of negligence to warrant a recovery of damages, under the principle of *res ipsa loquitur*, so as to devolve upon the defendant the burden of showing how the explosion occurred, in such a manner as to exonerate himself from the imputation of negligence."

In *Griffen* v. *Manice* (166 N. Y. 196) the court, by CULLEN, J., says : " When the facts and circumstances from which the jury is asked to infer negligence are those immediately attendant on the occurrence, we speak of it as a case of *res ipsa loquitur ;* when not immediately connected with the occurrence, then it is an ordinary case of circumstantial evidence. In *Benedick* v. *Potts* (88 Maryland, 52) it is said : ' In no instance can the bare fact that an injury has happened, of itself and divorced from all the surrounding circumstances, justify the inference that the injury was caused by negligence. It is true that direct proof of negligence is not necessary. Like any other fact, negligence may be established by the proof of circumstances from which its existence may be inferred.' "

We are, therefore, brought to consider whether there were any circumstances surrounding the accident which justified the inference of negligence. The stick from the exploded rocket struck the ground at a dangerous place and amidst a crowd of spectators. No other fact appears, and the inference is sought to be drawn that it must have been carelessly or intentionally fired in the direction of the crowd. The angle of the troughs from which the rockets are fired determines their direction. Other rockets had been fired, the sticks of which struck the ground where they would do no harm. Causes other than negligence on the part of the defendant's servants may have carried the rocket over the heads of the spectators instead of in the direction in which it was aimed. A current of air would manifestly carry it some distance. Even when fired with due care the momentum caused by the firing may have changed its direction before it left the trough. Some act on the part of the men engaged in setting the rocket, not amounting to carelessness, may have varied its angle at the time of firing. For none of these would the defend-

ant be responsible. If prior to the accident several rockets had fallen in a dangerous locality, it might well be said that the defendant should have observed what was happening and changed their direction, but the one which injured the plaintiff was the only one that had fallen in an improper place. Competition and desire for display has led to the manufacture of powerful and dangerous explosives, and it may well be that those who exhibit them should be held to great care. But the bare fact that an accident does happen, with no proof of negligence aside from the accident itself, we do not think sufficient upon which to found liability.

The nonsuit was proper and the judgment should be affirmed.

All concurred, except SMITH, J., dissenting in opinion.

SMITH, J. (dissenting):

I cannot agree to the conclusion reached by Justice HOUGHTON. The plaintiff was injured while an invited spectator of these fireworks exhibited by the defendant. If she must prove specific negligence in the firing of the specific rocket, her case is, of course, hopeless, and she is without a remedy for the severe injury which she has suffered. As far as appears, only this rocket fell among a crowd of spectators. All other rockets were properly guided out of harm's way. If this rocket had been properly directed it would not have fallen where it did unless through the interference of some unusual force. There is no evidence that the wind was blowing in a way which would have carried the rocket where it fell, and that there was no such wind would seem to be evidenced by the fact that no other rockets fell there. The fact that the rocket fell in that particular place is to my mind *prima facie* evidence that it was so directed by the agency which fired it, and such direction was sufficient evidence of negligence, at least, to put the defendant to proof of care in the discharge of the rocket. In *Colvin* v. *Peabody* (155 Mass. 104) a dealer in fireworks was sued for an injury caused by a fragment of a bomb which struck the plaintiff. ALLEN, J., in writing for the court, said: "There was sufficient evidence for the jury of the negligence of the defendant's agents. The evidence tended to show that the mortars were discharged in too small an enclosure for perpendicular firing to be safe; that insufficient time was taken for preparation; that the firing was done in somewhat of a hurry; that

due care in firing bombs requires that the mortars should be so aimed that the bombs will not fall upon the people, and that the bomb or shell which hit the plaintiff fell at a place far from where it was intended to fall or safe for it to fall. The defendant now contends that there was no evidence of the negligent firing off of a particular mortar from which the plaintiff received her injury. There was, however, nothing to show that anybody else was discharging mortars near by, and the jury might well find that she was hurt by a bomb or fragment of a shell carelessly fired from a mortar by the defendant's agents, and this was enough, without identifying the particular mortar, or the particular discharge, or tracing the bomb in its flight." While all of the elements of negligence there enumerated are not found in the case at bar, the fact that the bomb fell at a place far from where it was intended to fall, or safe for it to fall, is part of the evidence which was held sufficient to sustain a finding of negligence in that case. (See, also, *Griffen* v. *Manice*, 166 N. Y. 188.)

For this reason, I think, the trial judge erred in directing a nonsuit.

Judgment and order affirmed, with costs.