(44 Misc. Rep. 273.)

HAACK v. BROOKLYN LABOR LYCEUM ASS'N.

(Supreme Court, Trial Term, Kings County. July, 1904.)

1. NEGLIGENCE—INJURY TO LICENSEE.
    Where buildings on defendant's property were destroyed by fire, and plaintiff came on the premises, and was picking up some sort of tickets out of the ruins, and one of the walls fell on him, defendant was not liable.

Action by Bruno Haack against the Brooklyn Labor Lyceum Association. Verdict for plaintiff. Motion to set aside granted.

See (Sup.) 87 N. Y. Supp. 814.

James C. Cropsey, for plaintiff.
Senftner & Senftner, for defendant.

GAYNOR, J. The buildings on the defendant's property were destroyed by fire. The plaintiff and some other boys came upon the premises and were picking up some sort of tickets out of the ruins when one of the walls left standing by the fire fell and hurt the plaintiff. I do not see how there is any liability in the defendant. The plaintiff was a bare licensee, at best, and the defendant was under no relation or obligation to him whatever, beyond what we are all under not to do any affirmative wrong or injury to one another. This is a principle

¶ 1. See Negligence, vol. 37, Cent. Dig. § 45.

too well known among us to call for any citation of authority, unless for the sake of pedantry.

It is claimed, however, that the defendant maintained a liquor saloon in the rear of the premises, that it was open to public use, that there was an alley or route to it across the premises from a gateway, and that the plaintiff was in this route when hurt. But as he was not going to the saloon I do not see how this helps his case. The defendant in that case was still under no relation or obligation to him other than that already stated. Pollock on Torts (6th Ed.) p. 505; Converse v. Walker, 30 Hun, 596. This case has been tried before and upon appeal (93 App. Div. 491, 87 N. Y. Supp. 814), but the facts are now fuller.

I submitted the case to the jury on the single question whether such a saloon was there and open, in which case the public were invited by the defendant to come through thereto. If that theory of law helps the plaintiff's case, it is clear to me that the verdict is against the weight of evidence. The evidence that a saloon was open was very loose, whereas there was positive and precise evidence that the saloon building and the bar-room and bar were destroyed by the fire, and not re-built and reopened until some time after the accident to the plaintiff.

The motion is granted.