MARTIN. HEANEY vs. BOSTON ELEVATED RAILWAY COMPANY.

Suffolk.    March 11, 1912. — April 1, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Negligence*, Employer's liability.

At the trial of an action against a street railway company by an employee for personal injuries due to being struck by a passing car while he was working between tracks of the defendant, the plaintiff testified that general instructions had been given to all employees similarly employed to look out for themselves, and also that a superintendent of the defendant had told him to go ahead with the work and he would look out for the cars. There also was evidence that, while the plaintiff was at work, the superintendent shouted a warning to him of the approach of the car which struck him, but that the warning came too late for him to avoid injury. *Held*, that the questions, whether the plaintiff when injured was in the exercise of due care and whether the superintendent was negligent, were for the jury.

RUGG, C. J.    This is an action of tort to recover damages for personal injury sustained by the plaintiff through the negligence of the defendant's superintendent.* The plaintiff was a laborer, and for several months had worked for the defendant at picking, shovelling, and tamping ties. On the summer afternoon when the accident occurred, he was helping to put in some new work on a street in which the defendant had two tracks. One of these tracks only was in use, and he was working between the two in such a position that he was likely to be injured by any passing car if he did not get out of the way. He testified that general instructions to all men similarly employed had been to look out for themselves. But he also testified that one Crowley, who might have been found to be a superintendent of the defendant within the meaning of the employers' liability act, had said on the afternoon of the accident, after the plaintiff had stood up to look for the cars, "Go ahead with your work" and "we'll look out for the car." There was also this question, referring to the superintendent: "So he told you both things; told you to look out for yourself to a certain extent, and also told you that he would look

* The case was tried in the Superior Court before *White*, J. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

out for you, too?" to which the plaintiff answered, "Yes." While the plaintiff was bending over to his work he heard Crowley, who was very near, call out in warning of an approaching car, but in an instant, before he was able to escape from danger, he was struck and injured.

The governing rules of law are plain. Workmen upon or near tracks where there are passing cars, if it is a part of their duty to look out for themselves, have no right to abandon the use of their eyes or other senses and rely upon an occasional cautionary signal of a superintendent. *Lynch* v. *Boston & Albany Railroad,* 159 Mass. 536. If, however, the employee is given to understand, either by express language or by a custom, that he may depend upon being warned, then he may relax the vigilance which otherwise he would be required to exercise. The questions, whether the plaintiff, by reason of the nearness of the superintendent and his recent admonition to the plaintiff to keep at work and that others would look out for the car, was in the exercise of due care, and whether the superintendent in failing to give timely alarm of the approach of the car was negligent, were both facts to be determined by the jury under the circumstances here disclosed. *Davis* v. *New York, New Haven, & Hartford Railroad,* 159 Mass. 532. *Hanley* v. *Boston Elevated Railway,* 201 Mass. 55. *Dunphy* v. *Boston Elevated Railway,* 192 Mass. 415.

*Exceptions overruled.*

*W. Kittredge,* for the defendant.
*J. F. Creed,* (*J. J. Mansfield* with him,) for the plaintiff.