MARY ROCCO, as Executrix of JOSEPH ROCCO, Deceased, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.

(Argued March 23, 1932; decided April 26, 1932.)

52

*Harold E. Simpson* for appellant. The decedent was guilty of contributory negligence as a matter of law. (*Sacco* v. *D. & H. Co.,* 213 App. Div. 471; *Davis* v. *Kennedy,* 266 U. S. 147; *Great Northern Ry. Co.* v. *Wiles,* 240 U. S. 444; *Southern Ry. Co.* v. *Gray,* 241 U. S. 333; *Frese* v. *C., B. & Q. R. R. Co.,* 263 U. S. 1; *Unadilla Valley Ry. Co.* v. *Caldine,* 278 U. S. 139; *Unadilla Valley Ry. Co.* v. *Dibble,* 31 Fed. Rep. [2d] 239; *Norfolk & Western R. R. Co.* v. *Smith,* 152 Va. 165; *Davis* v. *Powell,* 142 Va. 711.)

*Daniel Crowley* and *Louis K. Thaler* for respondent.

O'BRIEN, J. On the single-track branch of defendant's railroad extending northerly from Ithaca to Auburn, Joseph Rocco was employed as a track inspector. His duties required him to ride a tricycle speeder fitted to the rails and propelled by hand and foot. Each day he was scheduled to leave Ithaca at 3:30 P. M., inspect the track to Auburn and return. On December 8, 1927, many washouts and landslides had occurred on this track and the south-bound train due at Ithaca at 12:17 P. M. was running more than three hours behind time. Without inquiry relative to the location of this train, Rocco left Ithaca for the north on his schedule and within a few minutes encountered the south-bound train head-on and was killed. The jury, as in the case of *Kawacz* v. *D., L. & W. R. R. Co.* (259 N. Y. 166), herewith decided, held that decedent's negligence contributed to his death but under the Federal Employers' Liability Act apportioned the damage. Our opinion is that the negligence of deceased was the sole and proximate cause of his death.

The train with which Rocco collided had left Ludlow-

ville, the last reporting station north of Ithaca and eight miles distant therefrom, at 3:14. Inquiry by him, previous to his departure from Ithaca, would have revealed to him the fact that somewhere on that eight-mile stretch of track, which he was about to traverse, was this belated train. His failure to discover this fact constitutes in itself not only the negligence which the verdict imputes to him but also a violation of a rule of the road which had existed for more than seven years and of which he had knowledge. It provided that before track inspectors should occupy the track with speeders they should ascertain from the telegraph operators the locations of approaching trains in all directions. This rule had not been reduced to writing but had been promulgated by the division engineer and decedent was well aware of its existence. Usually he obeyed it, but on two occasions he had disregarded it and the telegraph operator at Ithaca had warned him to observe it and had reported these omissions to his superior. On the day of this collision he made no inquiry from the operator. If he had asked, he could have been informed that the southbound train had left the station only eight miles distant and would surely be encountered between Ithaca and Ludlowville. The duty to watch alertly for trains rested on the deceased (*Chesapeake & Ohio R. R. Co.* v. *Nixon*, 271 U. S. 218), and his violation of the rule was the primary cause of the accident. (*Davis* v. *Kennedy*, 266 U. S. 147; *Unadilla Valley Ry. Co.* v. *Caldine*, 278 U. S. 139; *Unadilla Valley Ry. Co.* v. *Dibble*, 31 Fed. Rep. [2d] 239.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not sitting.

Judgments reversed, etc.