WALTER HIETALA *vs.* BOSTON AND ALBANY RAILROAD
COMPANY & another.

Berkshire.    May 14, 1936. — July 18, 1936.

Present: CROSBY, PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Employer's liability: assumption of risk, Federal employers'
liability act.

Discussion by LUMMUS, J., of the bearing of an employee's assumption
of risk upon the employer's liability at common law and under the
Federal employers' liability act.

Evidence in an action against a railroad corporation under the Federal
employers' liability act warranted a finding that an injury to a com-
mon laborer in the employ of the defendant walking on the tracks was
caused in whole or in part by negligence of an engineer of a detached
locomotive, which ran into him from behind as it was proceeding to
a place where it could turn around, or of employees stationed to whistle
warning of its approach; and did not require a ruling that the risk of
injury from such negligence was voluntarily assumed by the laborer.

TORT.    Writ in the Superior Court dated August 18,
1930.

The action was tried before *Gibbs*, J.    A verdict for the
plaintiff in the sum of $6,000 was recorded with leave re-
served.    Thereafter the judge ordered that a verdict for the
defendant be entered, and reported the action to this court
for determination.

*J. A. Anderson*, for the plaintiff.

*F. M. Myers*, for the defendant.

LUMMUS, J.    This is an action under the Federal em-
ployers' liability act (Act of April 22, 1908, c. 149, 35 U. S.
Sts. at Large, 65, U. S. C. Title 45, § 51 *et seq.*) for personal
injuries sustained by an employee, engaged in interstate
commerce, of an interstate common carrier by railroad.

The evidence tended to show the following facts.    On
August 24, 1929, the plaintiff was one of a gang of laborers
engaged in removing the earth from between the ties of
the defendant's tracks at Pittsfield.    He had been working

there about twenty days. He knew that trains were running on the tracks. Having been directed to get a pick, he started eastward along the straight southerly track on which east bound trains ran, to get a pick which was in a tool box under the Second Street bridge. He walked in the middle of that track, for there were men working on each side and the ground was torn up. He met a train, travelling westward on the northerly track. A locomotive that had brought a train into the Pittsfield station, westerly of the locus, started easterly along the track on which the plaintiff was walking, for the purpose of turning around at a junction easterly of the locus. The crew of the locomotive were familiar with the work being done and with the presence of many laborers on and about the tracks. Orders of the defendant had limited all trains there to a speed of fifteen miles an hour. The locomotive gave no signal of its approach until the instant before the injury. Two men on the ground had been detailed to give warning with police whistles of the approach of locomotives, but the plaintiff heard no such warning during his journey, although he was listening. *Hough* v. *Boston Elevated Railway*, 262 Mass. 91. During his journey he looked back three times, but saw nothing coming along the track behind him. When he looked back last he was forty or fifty feet westerly from the First Street bridge. When he had gone about two thirds of the way under that bridge, he heard the locomotive whistle, and jumped off the track, but was struck on the arm by the locomotive. Evidence for the defendant tended to show that the plaintiff was walking clear of the track, and was struck when he suddenly came up on the track. But the evidence for the plaintiff was as stated.

The jury returned a verdict for the plaintiff and assessed damages at $6,000. On leave reserved (G. L. [Ter. Ed.] c. 231, § 120), a verdict for the defendant was entered. The plaintiff excepted, and the judge reported the case.

The plaintiff had to prove that the injury resulted "in whole or in part from the negligence of any of the officers, agents, or employees of such carrier" (Act of April 22,

1908, c. 149, § 1, 35 U. S. Sts. at Large, 65; U. S. C. Title 45, § 51), having causal relation to the injury. *New Orleans & Northeastern Railroad* v. *Harris,* 247 U. S. 367. *Chesapeake & Ohio Railway* v. *Stapleton,* 279 U. S. 587. *Jamison* v. *Encarnacion,* 281 U. S. 635. *Alpha Steamship Corp.* v. *Cain,* 281 U. S. 642. *Northwestern Pacific Railroad* v. *Bobo,* 290 U. S. 499. *Lynch* v. *New York, New Haven & Hartford Railroad,* 294 Mass. 152. The statutory words quoted have "the effect of abolishing in this class of cases the common law rule that exempted the employer from responsibility for the negligence of a fellow employé of the plaintiff." *Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492, 501.

The act provides that "contributory negligence shall not bar a recovery" (*Central Vermont Railway* v. *White,* 238 U. S. 507), but, with an exception immaterial to this case, that "the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." Act of April 22, 1908, c. 149, § 3; 35 U. S. Sts. at Large, 66. U. S. C. Title 45, § 53. *Seaboard Air Line Railway* v. *Tilghman,* 237 U. S. 499. *Rocco* v. *Lehigh Valley Railroad,* 288 U. S. 275, 280. But assumption of risk, where there has been no contributory violation by the carrier of any statute for the safety of employees, is a complete defence, even where negligence on the part of the defendant is found. Act of April 22, 1908, c. 149, § 4; 35 U. S. Sts. at Large, 66. U. S. C. Title 45, § 54. *Seaboard Air Line Railway* v. *Horton,* 233 U. S. 492, 503. *Missouri Pacific Railroad* v. *David,* 284 U. S. 460, 462. This difference in treatment of contributory negligence and assumption of risk requires, in cases under the Federal employers' liability act, careful discrimination between the two doctrines.

There is no relation between contributory negligence and what has often loosely been called the contractual assumption of risk. That expression denotes the rule of law that an employer owes no duty to an employee to change the equipment, methods of operation and other conditions which obviously existed and were apparently contemplated

by the parties when the contract of service was made, even though they were fraught with danger that might be avoided by the adoption of improved equipment or methods. Where, as in the Federal employers' liability act, the fellow servant rule is abolished, there is no contractual assumption of the risk of negligence of a fellow servant, any more than of the master himself. *O'Maley* v. *South Boston Gas Light Co.* 158 Mass. 135. *Gleason* v. *Smith,* 172 Mass. 50, 52. *Murphy* v. *City Coal Co.* 172 Mass. 324, 327. *McCafferty* v. *Lewando's French Dyeing & Cleansing Co.* 194 Mass. 412. *Sylvain* v. *Boston & Maine Railroad,* 280 Mass. 503. *Demaris* v. *Van Leeuwen,* 283 Mass. 169. *Cronan* v. *Armitage,* 285 Mass. 520, 526, 527. *Beggelman* v. *Romanow,* 288 Mass. 14. *Tardiff* v. *Lynn Sand & Stone Co.* 288 Mass. 472. To find in § 4 of the Federal employers' liability act an express preservation of the so called contractual assumption of risk is to impute tautology to the act, for that doctrine is sufficiently preserved by the requirement of proof of negligence on the part of the defendant carrier or its "officers, agents, or employees."

More difficult to ascertain is the relation between contributory negligence and what is called the voluntary assumption of risk. The latter has not always been confined to cases of master and servant, nor to cases where a contract exists between the parties. *Wood* v. *Locke,* 147 Mass. 604. *Miner* v. *Connecticut River Railroad,* 153 Mass. 398, 402, 403. *Scanlon* v. *Wedger,* 156 Mass. 462. *Frost* v. *Josselyn,* 180 Mass. 389. *Tompkins* v. *Boston Elevated Railway,* 201 Mass. 114. *McCumber* v. *Boston Elevated Railway,* 207 Mass. 559, 562. *Bergeron* v. *Forest,* 233 Mass. 392, 402. *Laffey* v. *Mullen,* 275 Mass. 277, 279. *Lefeave* v. *Ascher,* 292 Mass. 336, 338. *Curley* v. *Mahan,* 288 Mass. 369, 374. *O'Meara* v. *Adams,* 283 Mass. 396, 402. But as applied to a servant, the doctrine is that a servant, acting under no compulsion or necessity and having no superiority of right, recognized by the law, who voluntarily continues to work under dangerous conditions (even though they were not contemplated by the contract of employment but arose afterwards, and even though the maintenance of them would normally be a

breach of the master's duty), with full knowledge and appreciation of the danger, cannot recover for personal injury resulting from those conditions. It is immaterial whether the danger be great or small, or whether want of reasonable care on the part of the master or servant be clear or debatable. Upon analysis of a particular case in which an employee voluntarily assumed the risk, it might be found that he was guilty of contributory negligence; or that "the voluntary conduct of the plaintiff in exposing himself to a known and appreciated risk is the interposition of an act which, as between the parties, makes the defendant's act, in its aspect as negligent, no longer the proximate cause of the injury" (*Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 159); or that the degree of danger was insufficient to constitute a breach of duty to any employee; or that — and this is commonly the decisive point — either because of the maxim *volenti non fit injuria* alone (*Miner* v. *Connecticut River Railroad*, 153 Mass. 398, 402, 403; *Schlemmer* v. *Buffalo, Rochester & Pittsburg Railway*, 205 U. S. 1, 12; *Central Vermont Railway* v. *Bethune*, 206 Fed. 868, 875; *Rase* v. *Minneapolis, St. Paul & Sault Ste. Marie Railway*, 107 Minn. 260, 267, *et seq.*), or because of some contract imputed to the parties limiting the employer's duty with respect to known and appreciated risks (*Jellow* v. *Fore River Ship Building Co.* 201 Mass. 464, 467; *Berdos* v. *Tremont & Suffolk Mills*, 209 Mass. 489, 497, 498; *St. Louis Cordage Co.* v. *Miller*, 126 Fed. 495, 501, *et seq.*; *Welsh* v. *Barber Asphalt Paving Co.* 167 Fed. 465; *McAdoo* v. *Anzellotti*, 271 Fed. 268, reversing 262 Fed. 568; *Southern Pacific Co.* v. *McCready*, 47 Fed. (2d) 673), there was no duty owed to the particular employee who is the plaintiff with respect to the risk voluntarily assumed. The conclusion that the plaintiff cannot recover, where he has voluntarily assumed the risk, thus rests ultimately upon one of three or four familiar common law principles.

The effect of the doctrine of voluntary assumption of risk, it has been said, is to render unnecessary an analysis which might determine whether the ultimate ground of denial of recovery is absence of duty or breach of duty, want of

proximate causal relation, or contributory negligence. *Leary v. Boston & Albany Railroad,* 139 Mass. 580, 584. *Fitzgerald v. Connecticut River Paper Co.* 155 Mass. 155. *Mahoney v. Dore,* 155 Mass. 513. *Tenanty v. Boston Manuf. Co.* 170 Mass. 323, 324. *McMyler Manuf. Co.* v. *Mehnke,* 209 Fed. 5. A valuable exposition is that of Knowlton, J., in his dissenting opinion in *Davis v. Forbes,* 171 Mass. 548. The difference between him and the majority apparently did not concern the theory of the doctrine. An illustration of the effect of a voluntary assumption of risk in rendering analysis unnecessary is found in *Perry v. Loew's Boston Theatres Co.* 291 Mass. 332, 334, where a patron undertook to travel about in a theatre which, she contended, was insufficiently lighted, and fell. The court did not decide whether the theatre proprietor used due care in lighting the theatre or not, but said, "if it was negligent of the defendant to have no more light on the stairs, it must have been negligent of the plaintiff voluntarily to descend them without more light." See also *Lamson v. American Axe & Tool Co.* 177 Mass. 144; *Sullivan v. Ridgway Construction Co.* 236 Mass. 75; *O'Meara v. Adams,* 283 Mass. 396, 402; *Northwestern Pacific Railroad v. Bobo,* 290 U. S. 499. Where there has been a voluntary assumption of risk, the defendant is entitled to have analysis go no farther. If the voluntary assumption of risk is clear enough to warrant a directed verdict, "the jury should be instructed that he [the plaintiff] cannot recover, and should not be permitted to consider the conduct of the defendant by itself, and find that it was negligent, and then consider the plaintiff's conduct by itself, and find that it was reasonably careful." *Fitzgerald* v. *Connecticut River Paper Co.* 155 Mass. 155, 159. *Burgess v. Davis Sulphur Ore Co.* 165 Mass. 71, 73. *Miner v. Connecticut River Railroad,* 153 Mass. 398. *McAdoo v. Anzellotti,* 271 Fed. 268. Where a voluntary assumption of risk is ruled or found to exist, the question of contributory negligence is not reached.

The risk which may be voluntarily assumed may be the incompetence of a fellow servant (*Leary v. William G. Webber Co.* 210 Mass. 68), or careless conduct of a fellow

servant known to and fully appreciated by the plaintiff. The careless conduct of a fellow servant stands on exactly the same footing as that of the master himself. *Boldt* v. *Pennsylvania Railroad*, 245 U. S. 441. *Chicago, Rock Island & Pacific Railway* v. *Ward*, 252 U. S. 18, 22. In cases under the Federal employers' liability act, the views of the Federal courts as to the assumption of risk govern. *Toledo, St. Louis & Western Railroad* v. *Slavin*, 236 U. S. 454. *Pryor* v. *Williams*, 254 U. S. 43. *Chesapeake & Ohio Railway* v. *Kuhn*, 284 U. S. 44. The Federal law has been summarized as follows: Except "as provided in § 4 of the Act, the employee assumes the ordinary risks of his employment; and, when obvious or fully known and appreciated, he assumes the extraordinary risks and those due to negligence of his employer and fellow employees." *Delaware, Lackawanna & Western Railroad* v. *Koske*, 279 U. S. 7, 11. But there is no voluntary assumption of the risk of the carelessness of a fellow servant, not obvious nor fully known and appreciated by the plaintiff in season to enable him to judge of the danger and to decide whether to assume the risk involved. *Chicago, Rock Island & Pacific Railway* v. *Ward*, 252 U. S. 18. *Reed* v. *Director General of Railroads*, 258 U. S. 92. *Hanley* v. *Boston & Maine Railroad*, 286 Mass. 390, 397, 398.

Coming to the facts of the present case, it is true that, accepting and assuming the obvious perils of their employment, men working in freight yards (*Regan* v. *Boston & Maine Railroad*, 208 Mass. 520; *Porter* v. *New York, New Haven & Hartford Railroad*, 210 Mass. 271; *Aerkfetz* v. *Humphreys*, 145 U. S. 418; *Toledo, St. Louis & Western Railroad* v. *Allen*, 276 U. S. 165; *Chesapeake & Ohio Railway* v. *Mihas*, 280 U. S. 102), or inspecting or repairing tracks (*Sullivan* v. *Fitchburg Railroad*, 161 Mass. 125; *Morris* v. *Boston & Maine Railroad*, 184 Mass. 368; *Casey* v. *Boston & Maine Railroad*, 231 Mass. 529; *Papandrianos* v. *New York Central & Hudson River Railroad*, 244 Mass. 216, 219; *Renaldi* v. *New York Central Railroad*, 256 Mass. 337; *Carfelo* v. *Delaware, Lackawanna & Western Railroad*, 54 Fed. (2d) 475; *Jacobson* v. *Chicago, Milwaukee, St. Paul*

*& Pacific Railroad*, 66 Fed. (2d) 688; *Bernola* v. *Pennsylvania Railroad*, 68 Fed. (2d) 172; *Thomson* v. *Downey*, 78 Fed. (2d) 487), ordinarily must look out for themselves, and keep out of the way of trains at their peril. A railroad could not be operated efficiently if warning had to be given every time a car is moved in a freight yard, if watch had to be kept for trackmen at all times, or if an engineer could not assume that persons seen on the track would get off on seasonable signal. *June* v. *Boston & Albany Railroad*, 153 Mass. 79, 83. *Kawacz* v. *Delaware, Lackawanna & Western Railroad*, 259 N. Y. 166. The employer's duty does not extend ordinarily to the protection of such employees from the peril of being run down.

But it does not follow that whenever a track laborer is hit by a train the railroad is excused from liability. The circumstances may impose a duty. Where a laborer is seen on the track and there is reason to believe that he will not get off, he cannot lawfully be run down without warning (*Biernacki* v. *Pennsylvania Railroad*, 45 Fed. (2d) 677, 678; *Toledo, St. Louis & Western Railroad* v. *Allen*, 276 U. S. 165, 173); and wanton misconduct in running him down is "negligence" under the Federal employers' liability act. *Jamison* v. *Encarnacion*, 281 U. S. 635. Compare *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239. In *Rocco* v. *Lehigh Valley Railroad*, 288 U. S. 275, the rule that track inspectors must look out for themselves was held not to apply to an injury at a blind curve where the engineer had reason to know that track inspectors were likely to be. See also *New York, New Haven & Hartford Railroad* v. *Pascucci*, 46 Fed. (2d) 969. In *Heaney* v. *Boston Elevated Railway*, 211 Mass. 467, 468, it was said that a track laborer may relax his ordinary vigilance where he "is given to understand, either by express language or by a custom, that he may depend upon being warned." In *Hanley* v. *Boston & Maine Railroad*, 286 Mass. 390, certiorari denied 293 U. S. 597, workmen repairing a broken switch were run down by a slow train the engineer of which saw them half a mile away, realized that they did not intend to move off the track, and gave them no warning

at least until his train was within two hundred yards of them, when if they moved they would be in danger from another train proceeding on the next track in the opposite direction. It was held that the jury might find that "the engineer should have given some other warning than one blast of the whistle, or should have brought his train to a stop," and that the workmen did not assume the risk that the engineer would be negligent in this respect.

In the present case, the engineer had reason to expect workmen on or about the track. He was doing nothing more pressing than taking his locomotive to a place where he could turn it around. He had no schedule to maintain. The track was straight. The fireman with him was watching the track ahead, and, as he testified, saw the plaintiff a long time before reaching the place of the injury. There was no seasonable signal from the locomotive nor from the men detailed with police whistles. *McGovern* v. *Philadelphia & Reading Railway*, 235 U. S. 389. To the care of the latter, *Howard* v. *New York, New Haven & Hartford Railroad*, 236 Mass. 370, has no application. Even under the Federal rule as to directing a verdict (*Shipp* v. *Boston & Maine Railroad*, 283 Mass. 266), we think that there was evidence of negligence on the part of employees of the defendant. Such negligence, arising long after the employment of the plaintiff, could not have been in contemplation at the time of the employment so as to limit the employer's duty. Neither did the plaintiff voluntarily assume the risk of negligence the existence and danger of which he could not know or appreciate until the moment of his injury. If it could be ruled as matter of law, with the burden of proof on the defendant, that the plaintiff was guilty of contributory negligence, that would not defeat the action but would go merely to the amount of damages. *Rocco* v. *Lehigh Valley Railroad*, 288 U. S. 275, 280. If the plaintiff, as is contended, violated instructions against walking on the track, the violation was not the sole proximate cause of the injury, was not contributory negligence as matter of law, and did not amount to an assumption of the risk of all that might happen to him while on the track.

*Paster* v. *Pennsylvania · Railroad*, 43 Fed. (2d) 908. *Miller* v. *Central Railroad Co. of New Jersey*, 58 Fed. (2d) 635. *Cross* v. *Spokane, Portland & Seattle Railway*, 158 Wash. 428. There was error in entering under leave reserved a verdict for the defendant.

The defendant filed forty-seven requests for instructions, and excepted to the refusal of the judge to comply with them. When so many requests are filed, in a case like the present, a party may expect adequate consideration of them, but not detailed discussion in an opinion. We find no error in the denial of the requests.

> *Judgment for the plaintiff on the*
> *verdict returned by the jury.*