KURN et al. v. REESE, Adm'x.

No. 29456. Jan. 12, 1943.

Rehearing Denied Feb. 16, 1943.

*133 P. 2d 880.*

J. W. Jamison, of St. Louis, Mo., and Cruce, Satterfield & Grigsby, of Oklahoma City, for plaintiffs in error.

Ratner, McAlister & Mattox, of Parsons, Kan., and Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

GIBSON, V. C. J. This is an action for wrongful death prosecuted pursuant to the Employers' Liability Act, 45 U. S. C. A. §§ 51-60.

The deceased was a locomotive engineer in the employment of the defendant railroad company. He drove his engine into defendant's railway yards at Winfield, Kan., and collided with the rear end of a train standing on the main line. His death resulted.

Certain allegations of negligence were directed at the crew in charge of the train ahead, but the cause was sub-

mitted to the jury wholly on the question of the comparative negligence of the deceased and that of his fellow servant, the fireman, as alleged in the respective pleadings of the parties. In this respect the plaintiff charged that the fireman was negligent in not maintaining a proper lookout, and in not warning the deceased of the presence of the train ahead, while defendant charged that the accident was the proximate result of deceased's own negligence in not obeying certain specific rules directly applicable in the particular case.

Judgment for $3,750 was rendered on the verdict for plaintiff, and defendant appeals, charging error in the trial court's refusal to direct a verdict.

In actions of this general character the employee cannot recover if his injury is attributable wholly to his own act, but recovery is not barred by his contributory negligence. If the injury results in whole or in part from the negligence of another of the defendant's employees, the defendant is liable under the express terms of the act. The act not only abolished the fellow-servant rule, but provides that the contributory negligence of the injured employee "shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee." Illinois Central Ry. Co. v. Skaggs, 240 U. S. 66, 36 S. Ct. 249, 60 L. Ed. 528. The inquiry, then, in the ordinary case is whether there was neglect on the part of the employer, and if the injury resulted in whole or in part from the negligence of another of its employees, the defendant is liable. Id.

Plaintiff concedes no act of negligence on the part of her intestate, but takes the position that the verdict is fully supported by the evidence of negligence on the part of the fireman, and is unassailable in view of the instructions whereby the question of the negligence of both the deceased and the fireman was left to the jury under the statute and general rule stated above.

On the other hand, the defendant says that due to the particular facts and circumstances of this case, it does not fall within the scope of the act permitting recovery for the negligence of a fellow employee notwithstanding the contributory negligence of the injured party. It is contended that the act of the deceased in violating a specific rule of the defendant company with reference to the mode of operation of the engine while within the yard limits constituted negligence and the sole and proximate cause of the accident, and sufficient to defeat the action; that under the evidence the question was one of law and should not have been submitted to the jury. Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212. The company rule in question reads as follows:

"Yard limits will be indicated by 'yard limit' boards. Within yard limits the main track or tracks may be used, protecting against first-class trains. Second and inferior class and extra trains must move within yard limits prepared to stop unless the main track is seen or known to be clear."

It is admitted for the purpose of this appeal that the deceased engineer was operating under the above rule at the time of the accident. After entering the yards at Winfield his duty at all times was to drive his engine in such a manner as to be prepared to stop unless he knew or could see that the main track was clear.

In agreement with the statute, above, and the federal decisions, by which we are bound, the inquiry here is whether the evidence showed negligence of such character on the part of the fireman that the injury may be said to have resulted "in whole or in part" therefrom.

On the day of the accident the train on which the deceased was engineer entered the yards at Winfield on the main line from the south. The track at that point forms an S curve, making it impossible for the engineer and fireman to see any considerable distance ahead at any given time. It is readily

seen that the view of the two men was alternately restricted as the train proceeded along the track. It was charged and proved that the fireman failed to keep a constant lookout ahead, and did not see the train standing on the main line until too late to permit a stop. The verdict is based upon this alleged negligence.

In view of the decisions of the Supreme Court of the United States and many of the different Circuit Courts of Appeals, we must hold that the accident did not result in whole or in part from the acts of the fireman as aforesaid within the meaning of the statute.

In Van Derveer v. Delaware, L. & W. R. Co., 84 Fed. 2d 979, the 2nd and 3rd paragraphs of the syllabus read as follows:

"Under Federal Employers' Liability Act, where injury to employee results from combined fault of himself and fellow worker, damages are divided except where injured employee's fault is violation of rule or express instruction (Federal Employers' Liability Act, § 3, 45 U. S. C. A: § 53).

"In action against railroad for death of freight conductor who was killed when freight car on which he was riding during switching operations was sideswiped by locomotive on adjoining track after freight conductor had changed two of switches lined up for movement of locomotive and cars on adjoining track in violation of rule of railroad, question of railroad's liability held insufficient for jury (Federal Employers' Liability Act, § 3, 45 U. S. C. A. § 53)."

In the body of the opinion the following language is found:

"Therefore, the only question is whether Van Derveer's breach of the rule bars the action.

"When an injury to one employee results from the combined fault of himself and a fellow-worker, the damages are divided (sec. 53, title 45, U. S. Code [45 U. S. C. A. § 53]); but an exception has grown up when the injured employee's fault is the violation of a rule or an express instruction. Great Northern Ry. Co. v. Wiles, 240 U. S.

444, 36 S. Ct. 406, 60 L. Ed. 732, is scarcely an instance, though sometimes cited as such. It is better classed as a case where the injured person, having before him the consequences of another's fault, does not do what he cah to avoid them. The exception first appeared, so far as we can find, in Frese v. Chicago, B. & Q. R. Co., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131, where a locomotive driver failed to stop his train at a crossing, as required by a rule of the road. He was, of course, on the right side of his cab and his fireman was on the left, whence came the colliding train; the court seemed to think it doubtful whether the fireman had kept a bad lookout, but went on to say that since the duty was primarily the driver's, it was irrelevant whether he had or not. It has at times been questioned whether the decision should not be limited to situations where the injured person is the superior of the other employee on whose fault he must rely to recover. That would explain not only Frese v. Chicago, B. & Q. R. Co., supra, but Unadilla Valley Ry. Co. v. Caldine, 278 U. S. 139, 49 S. Ct. 91, 73 L. Ed. 224, because the deceased conductor directed the driver to go on, contrary to the rule. True, the dispatcher was also negligent in that case in failing to tell the conductor that the train with which he collided was approaching, but the court said that the message would have merely given the conductor another motive to obey the rule. It is a little hard to see why that might not have been enough to have induced obedience, but if the contrary was intended, the decision is consistent with the supposed gloss. When the same accident was before us in Unadilla Valley Ry. Co. v. Dibble. 31 F. 2d 239, we applied the doctrine to the driver whom the conductor had directed to break the rule; and that was plainly wrong if the doctrine is limited as suggested. In Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212, it did not appear that the negligent fellow workers were under the driver's authority, and almost certainly they were not; therefore, it also seems contrary to the limitation. The Sixth Circuit held the same thing in Southern Ry. Co. v. Hylton (C.C.A.) 37 F. 2d 843, and we did so again in Paster v. Pennsylvania R. R., 43 F. 2d 908. Southern Ry. Co. v. Youngblood, 286 U. S. 313, 52 S. Ct. 518, 76 L. Ed.

1124, turned upon the absence of any other negligence than the deceased's. In Rocco v. Lehigh Valley R. Co., 288 U. S. 275, 53 S. Ct. 343, 77 L. Ed. 743, the deceased had failed to ask the position of a train that he was to meet as required by a rule, though had he learned where it was he might rightfully have gone on to meet it. This fault was treated as only an element in determining his general negligence; but if the rule had directed him to wait where he was, Roberts, J., says (288 U. S. 275, at page 279, 53 S. Ct. 343, 77 L. Ed. 743) that the action would have failed. Thus there is no such gloss as that we have been discussing, and the doctrine is merely that if the injured employee has contributed to his injury by the breach of a rule or an instruction ad hoc, he cannot recover. By reason of the phrase, 'contributory negligence,' in section 53 (45 U. S. C. A.), it might have been possible to put such an exception on the ground that indiscipline is not 'negligence,' a word more properly confined to inattention to one's safety. But that has never been suggested as the reason, and we should hesitate to ascribe it to the court. Moreover, it is not in any case our province to do more than ascertain the extent of the doctrine. We are satisfied that it speaks generally, whatever the reason, and that the judge was right to direct a verdict."

In Frese v. Chicago, B. & Q. R. Co., 263 U. S. 1, 44 S. Ct. 1, 68 L. Ed. 131, Mr. Justice Holmes, speaking for the court, said:

"Moreover, the statute makes it the personal duty of the engineer positively to ascertain that the train can safely resume its course. Whatever may have been the practice, he could not escape this duty, and it would be a perversion of the Employers' Liability Act (April 22, 1908, c. 149, sec. 3; 35 Stat. 65, 66 [Comp. St. sec. 8659], to hold that he could recover for an injury primarily due to his failure to act as required, on the ground that possibly the injury might have been prevented if his subordinate had done more. See Great Northern Ry. Co. v. Wiles, 240 U. S. 444, 448, 36 Sup. Ct. 406, 60 L. Ed. 732. If the engineer could not have recovered for an injury his administratrix cannot recover for his death. Michigan Central R. R. Co. v. Vreeland, 227 U. S. 59,

33 Sup. Ct. 192, 57 L. Ed. 417, Ann. Cas. 1914C, 176."

In St. Louis Southwestern Ry. Co. v. Simpson, 286 U. S. 346, 52 S. Ct. 520, the violation of a rule by an engineer was again involved, and Mr. Justice Cardozo said:

"The facts so summarized are insufficient to relieve the engineer from the sole responsibility for the casualty that resulted in his death. What was said by this court in Davis v. Kennedy, 266 U. S. 147, 45 S. Ct. 33, 69 L. Ed. 212, might have been written of this case. 'It was the personal duty of the engineer positively to ascertain whether the other train had passed. His duty was primary as he had physical control of No. 4, and was managing its course. It seems to us a perversion of the statute to allow his representative to recover for an injury directly due to his failure to act . . . on the ground that possibly it might have been prevented if those in secondary relation to the movement had done more.' See, also, Unadilla Ry. Co. v. Caldine, 278 U. S. 139, 49 S. Ct. 91, 73 L. Ed. 224; Frese v. Chicago, B. & Q. R. Co., 263 U. S. 1, 3, 44 S. Ct. 1, 68 L. Ed. 131; Great Northern Ry. Co. v. Wiles, 240 U. S. 444, 448, 36 S. Ct. 406, 60 L. Ed. 732."

In the circumstances here disclosed the alleged duty of the fireman to watch ahead and to warn the engineer of the presence of the other train did not minimize or in any manner reduce the duties of the engineer to move his train in the yard limits in such manner as to be prepared to stop if he did not know or could not see that the line was clear. We do not say that some overt act of negligence on the part of the fireman, such as positive advice to the engineer that the track was clear, would not constitute such an act as to permit recovery under the comparative negligence rule. But mere inattention is not sufficient. The engineer was under positive duty to operate his engine in such a way as to avoid collision with the train ahead. He clearly failed in this respect, and there was no contributory influence for which he was not responsible.

In Hanson, Ex'x, v. Atchison, T. & S. F. Ry. Co., 184 Okla. 480, 88 P. 2d

348, we find in the body of the opinion a statement by the court that may well be applied here. It reads as follows:

"That no recovery may be had in situations where the injured railway employee failed in the fulfillment of his duty with respect to railway rules for the operation of trains has been many times declared."

Many cases are there cited in support of the statement.

The deceased was under primary duty to operate his engine safely with regard to the train ahead. He had absolute physical control thereof, and should have stopped if he could not see ahead.

In Davis v. Kennedy, supra, an engineer had violated orders never to pass a certain station unless he and the crew knew as a fact that a certain other train had passed. In the body of the opinion we find the following statement:

"The trial was in a court of the State of Tennessee, and the plaintiff got a judgment, which was sustained by the Supreme Court of the state on the ground that the other members of the crew, as well as the engineer, were bound to look out for the approaching train, and that their negligence contributed as a proximate cause to the engineer's death. We are of the opinion that this was error. It was the personal duty of the engineer positively to ascertain whether the other train had passed. His duty was primary, as he had physical control of No. 4, and was managing its course. It seems to us a perversion of the statute to allow his representative to recover for an injury directly due to his failure to act as required on the ground that possibly it might have been prevented if those in secondary relation to the movement had done more. Frese v. Chicago, B. & Q. R. Co., 263 U. S. 1, 3, 68 L. Ed. 131, 132, 44 Sup. Ct. Rep. 1."

Here the fireman was in secondary relation to the movement of the engine. Plaintiff's cause is not strengthened by the mere fact that the fireman might have done more than he did to aid the engineer in the performance of his primary duty aforesaid. The engineer's failure to comply with the rule was the proximate and efficient cause of the accident, and for that reason his personal representative cannot recover under the statute.

In our opinion the rule in the Davis Case, above, is fully controlling here. It reads as follows:

"No recovery can be had under the Federal Employers' Liability Act for death of a railroad engineer who runs his train out onto the main track before knowing that a train from the opposite direction had passed, though he had been asked by the conductor to look out for such train because the train which he was operating was crowded, on the theory that the other members of the crew were bound to look out for the approaching train, and that their negligence contributed in a proximate way to the death of the engineer."

The engineer should not have proceeded along the track unless he knew that the track ahead was clear. Such is the rule in cases of this particular character. Negligence of the crew in command of the other train has no part in this action. There was no such negligence shown.

The principal cases allegedly to the contrary on which plaintiff relies are Rocco v. Lehigh Valley Railroad Co., 288 U. S. 275, 53 S. Ct. 343, 77 L. Ed. 743, and Atchison, T. & S. F. Ry. Co. v. Ballard, 108 Fed. 2d (C. C. A.) 768. In the Rocco Case the employee was a track inspector. He operated a small motor tricycle between stations in the performance of his duties, and was under orders to leave stations and return in advance of certain scheduled trains. He disobeyed these orders and was killed when a regular passenger motorcar running off schedule collided with his tricycle. The court, in distinguishing the case from Davis v. Kennedy, and other cases, said that the risks assumed by the deceased track inspector did not include the failure of the motorman on the passenger car to keep a proper lookout for him in the particular circumstances. It was said that the rules under

which the inspector operated did not require him to first learn the location of the trains before starting on his trip, or forbid him to start on the particular trip, but that the question as to when he should meet the trains was a matter for his own decision. But it was further stated that had the rule forbidden the inspector to leave the station under circumstances such as his inquiry would have disclosed, his case would be parallel with the Davis Case. In other words, the rule under which the inspector operated was not a specific rule of conduct. The facts presented a case of comparative negligence. Since the Rocco Case is clearly distinguished by this court in Hanson v. Atchison, T. & S. F. Ry. Co., above, we feel that further discussion thereof is unnecessary.

In Atchison, T. & S. F. Ry. Co. v. Ballard, above, we find a state of facts almost identical with those in the instant case. It was there held that the respective acts of the engineer and fireman presented a case of comparative negligence for the jury's determination. But there were certain facts and circumstances present in that case that do not appear here. There, as here, the engineer could not see the track ahead at all times. But, unlike the present facts, he asked the fireman to look out and see if all was clear. The fireman opened his window, looked out, and announced that all was clear. The engineer, relying on this statement, moved on past the curve onto the straight track. He then saw the train ahead, but it was too late to avoid the collision.

Whether in the Ballard Case the facts were sufficient to warrant an exception to the general rule as stated in Davis v. Kennedy, we do not say. But it is our opinion that those facts are sufficient to distinguish the case from the instant one, and that there is nothing here to warrant an exception to the established rule.

The judgment is reversed.

RILEY, OSBORN, WELCH, and DAVISON, JJ., concur. CORN, C. J., and BAYLESS, HURST, and ARNOLD, JJ., dissent.