## DeLellis *v.* Pittsburgh & Lake Erie Railroad Company, Appellant, et al.

Argued September 27, 1944. Before MAXEY, C. J., DREW, LINN, PATTERSON and STEARNE, JJ.

*Vincent M. Casey,* of *Margiotti, Pugliese & Casey,* with him *Edmund K. Trent* and *Reed, Smith, Shaw & McClay,* for appellant.

*J. Thomas Hoffman,* with him *William H. Coleman,* for appellee.

PER CURIAM, October 31, 1944.

This is an action in trespass by Michael DeLellis, appellee, against the Pittsburgh and Lake Erie Railroad Company, appellant employer, and the Baltimore & Ohio Railroad, to recover for injuries sustained when he was struck by the latter's train while engaged in performing his duties as track foreman for the Pittsburgh and Lake Erie Railroad Company. The action was based upon the Federal Employers' Liability Act. (Act of 1908, c. 149, 35 Stat. 65, as amended by the Act of 1939, c. 685, 53 Stat. 1404, 45 U. S. C. A., sections 51-60.) A verdict of $3,612 was returned in favor of appellee and against the appellant, the Pittsburgh and Lake Erie Railroad Company. By agreement of counsel, the court directed a verdict in favor of the Baltimore & Ohio Railroad Company. This appeal is from the refusal of the court below to grant appellant's motion for judgment non obstante veredicto.

Michael DeLellis, appellee, was employed by the Pittsburgh & Lake Erie Railroad Company, appellant, as a section foreman since 1911. On August 7, 1941, he and his men were engaged in renewing and removing cross-over ties in a switch between the eastbound and westbound main tracks at Beck's Run yard, situate between Pittsburgh and Homestead, Allegheny County.

About 11:00 A.M., a Baltimore & Ohio freight train, proceeding eastwardly, came around a curve about 200 feet from the place where repairs were being made and approximately 100 feet from the point where appellee was engaged in marking imperfect ties for removal and suddenly crossed over to the westbound track. Appellee was struck as he undertook to jump clear of the oncoming train. Never before had appellee seen an eastbound Baltimore & Ohio train use the cross-over switch, the Pittsburgh and Lake Erie Railroad engines being the only ones to use the switch carrying traffic from the eastbound track to the westbound. Such trains always warn section gangs of their approach. The only person who knew that the cross-over was going to be made was the operator in a tower about 200 feet east of the scene of the accident. Six minutes prior to the accident he had received an order to divert the freight train. The tower was equipped with a megaphone and siren which had been used upon occasion to warn the signal maintainer of the approach of trains. No warning of the approaching train was given by the operator although appellee had been alert and had heard no warning, either by whistle or bell. The trial judge permitted the jury to determine whether under the circumstances the appellant employer was negligent and whether that negligence was the proximate cause of the accident.

Appellant contends (1) that there is no evidence to support a finding of actionable negligence by it, and (2) the proximate cause of the accident was appellee's failure to provide for his own safety.

Considering the evidence in the light most favorable to the appellee, and giving him the benefit of every inference reasonably to be deduced therefrom, we are of opinion that the court below properly submitted to the jury questions of negligence and proximate cause. It cannot be said as a matter of law that the operator in the tower could not, in the exercise of due care, have

warned appellee of the oncoming train and of the unusual and unexpected switch-over to the westbound track. He alone knew of the intended cross-over. Not even the engineer on the Baltimore and Ohio train was aware that he would leave the eastbound track. See *Rocco v. Lehigh Valley*, 288 U. S. 275.

The circumstances present a situation so entirely unexpected and unusual that the actions of the appellee cannot be said as a matter of law to have been the proximate cause of the accident. Whether he was guilty of contributory negligence was to be determined by the jury, and if so that fact would operate in mitigation of damages. All these questions were properly submitted to the jury.

Judgment affirmed.