ARTHUR H. MCALLISTER *v.* SUNCOOK VALLEY RAILROAD.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiff.

*Sulloway, Piper, Jones, Hollis & Godfrey* (*Mr. Piper* orally), for the defendant.

MARBLE, C. J.   The train on which the plaintiff was employed as brakeman was backing from the Suncook station toward a switch which it was the plaintiff's duty to open before the train could be turned and headed toward Center Barnstead.   The train consisted of an engine and a combination car, which was divided into baggage, mail, and passenger compartments.   At the rear of this car there was an open vestibule sixteen inches in depth.

It was a rule of the railroad that when a train had been made up and was backing, the trainman in charge must stand on the rear platform of the car with his hand on the valve of the riding hose, so called.   By means of this hose, which was attached to the air hose of the train, the trainman could apply the brakes or blow the whistle as occasion demanded.

The plaintiff did not comply with this rule on the afternoon of the accident but saw fit to ride on an iron step, or two-rung ladder, at the left rear corner of the car.   It was raining hard, and the plaintiff gave as a reason for riding there that in traveling the short distance from the station to the switch it was safer to ride on the iron step than to climb around the end of the car to the vestibule, which was wet and slippery.   While so riding, the plaintiff was crushed against the end of a boxcar which had been left on a sidetrack without sufficient clearance.

It has been generally held that an employee cannot recover under the Federal Employers' Liability Act if his injury is due to his disobedience of a standing rule or specific order.   *Van Derveer* v. *Railway*, 84 F. (2d) 979, and cases cited.   In *Unadilla Valley Railway Co.* v. *Caldine*, 278 U. S. 139, a conductor who disobeyed an order requiring him to hold his train to await the passing of another train was killed in the ensuing collision.   In the course of the opinion Mr. Justice *Holmes* declares: "He [the conductor] cannot hold the Company liable for a disaster that followed disobedience of a rule intended to prevent it."

There is no discussion in the briefs of counsel as to what effect the amendment of 1939 abolishing the defense of assumption of risk may have upon the above-stated principle in a case where the plaintiff intentionally violates a rule of the railroad and chances the particular risk thereby incurred.   In the case of *Wilson* v. *Railway*, 78 N. H. 142, 143, where the plaintiff disobeyed a rule promulgated for his own safety, the Court asserts that, in the absence of any negligence on the part of the railroad, it is immaterial whether the plaintiff "assumed the risk of working without the proper protection or

was guilty of negligence in so doing." *Learned Hand*, J., suggests that "indiscipline" is not negligence (*Van Derveer* v. *Railway, supra*, 982), and in the recent case of *Leet* v. *Railroad*, 60 Cal. App. (2d) 814, 818, it is said that since the amendment of 1939 an interstate carrier may not plead the primary duty rule, "as held in *Unadilla Valley Railroad Co.* v. *Caldine*, 278 U. S. 139."

However, consideration of the subject is not essential to the determination of the questions here presented. The mere infraction of a particular rule is not in all cases conclusive of a plaintiff's right to recover. *Castonia* v. *Railroad*, 78 N. H. 348, 351; *Rocco* v. *Railroad*, 288 U. S. 275. The rule in the present case was designed "to protect the train and protect people on the track." It had no relation to cars on adjoining tracks and was not intended to prevent accidents caused by inadequate clearance. See *Norfolk &c. Railway* v. *Riggs*, 98 F. (2d) 612, 613.

Moreover, in shifting operations the defendant's brakemen rode on the side of freight cars "all the time," and the plaintiff testified that when the train was backing down to the switch "on this particular movement out of the yard," he had ridden on the step of the combination car "many times." A brakeman who had been employed by the defendant for fourteen years stated that he had "had occasion to ride there in going out to throw the switch" and that a brakeman who had to get off at the switch on "this particular operation" would ride "either on the steps or up in the vestibule."

This evidence was sufficient to charge the railroad with knowledge of the practice in question and to authorize a finding that the defendant did not insist on strict compliance with the rule. See *Willis* v. *Company*, 75 N. H. 453; *Willette* v. *Company*, 75 N. H. 399, 401; *Ducas* v. *Mills*, 81 N. H. 543, 545; *Norton* v. *Company*, 83 N. H. 407, 409.

The boxcar was set in on the sidetrack the day before the accident. The plaintiff opened the switch and the car was pushed in by the engine. The conductor, acting temporarily as trainman, "cut the car off from the locomotive" at a point which he deemed sufficiently distant from the main track. He stated that he determined this fact by merely "standing beside the main line and reaching for the car." While the plaintiff knew where the car had been placed, he declared that he did not know that the clearance was insufficient.

The jury could properly find that the boxcar was negligently placed on the sidetrack by the defendant's conductor without adequate clearance and that the defendant ought reasonably to have

anticipated that the plaintiff might ride on the step at the end of the combination car and be injured by reason of the lack of space between the two cars. The case differs in this respect from *Kenney* v. *Railroad*, 92 N. H. 495.

The plaintiff testified that on the afternoon of the accident he rode on the step of the combination car with his back toward the switch intending to signal the engineer when to stop, but that he "didn't get the engineer's attention." If, as defendant's counsel contend, this was a "shabby attempt" on the plaintiff's part to make his position on the step seem reasonable, such attempt might indicate consciousness of a weak cause but would not preclude recovery as a matter of law. *Masterson* v. *Railway*, 83 N. H. 190, 194.

It may be conceded that the plaintiff in riding as he did and in failing to ascertain the distance between the two cars was in some degree negligent, but that fact does not entitle the defendant to a verdict, since contributory negligence under the Federal Employers' Liability Act merely diminishes the amount of a plaintiff's recovery.

*Judgment on the verdict.*

All concurred.