ILLINOIS CENTRAL RAILROAD COM-
PANY, Appellant,

v.

Larry J. ANDRE, Appellee.

No. 17454.

United States Court of Appeals
Fifth Circuit.

May 13, 1959.

H. Payne Breazeale, Breazeale, Sachse, Wilson & Hebert, Baton Rouge, La., for

appellant, Joseph H. Wright, John W. Freels, Chicago, Ill., Lemle & Kelleher, New Orleans, La., of counsel.

A. Leon Hebert, Percy J. Landry, Jr., Baton Rouge, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellee, Larry J. Andre, was, at the time of the event here related, and for twelve years had been, a switchman in the employ of the appellant, Illinois Central Railroad Company. On the afternoon of April 8, 1954, he was one of a crew of five engaged in switching tank cars to industrial sidings in North Baton Rouge, Louisiana. During such a switching movement, the assignment of one of the switchmen, sometimes referred to as a pin-puller, is to pull a coupling pin so as to uncouple and permit the separation from the train of the cars which are to be cut out and kicked onto the siding of a shipper for loading. The pin-pulling operation is to be performed while the train is slowly backing, after which the pin-puller is to mount the side of a car. When the train attains a momentum of six to eight miles per hour the engineer, upon a flag-down signal from the engine foreman, should apply the brake so as to stop the engine and the forward section of the train and to cause the uncoupled cars to be cut away and move onto the loading track of the shipper. The appellee was the pin-pulling switchman of the crew at North Baton Rouge. He was working on the fireman's side of the train although it was customary for the pin-puller to work from the engineer's side. There was evidence from which it might have been found that the appellee, in violation of a safety rule of the appellant, did not have firm hand and foot holds during the uncoupling operation. Eleven cars of a thirty-four car string were to be cut loose and kicked onto a loading siding. The appellee had pulled the pin and was in process of securing his hold upon the grab iron on the car when the engineer brought the train to a sudden stop. The jerk of the stop threw the appellee from the train and under it. He was severely injured. After three years of incapacity he sought reemployment from the railroad. It concluded that he was not physically able to resume his duties as a switchman. It did hire him as a fireman. He lost his seniority and the regularity of employment incident to it. Suit was brought by the appellee against the railroad under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. The appellee charged that his injuries resulted from the appellant's negligence in bringing the train to a sudden and jerking halt without observing his position and without giving him any warning. The appellant denied negligence. It claimed, and the engineer testified, that because of chemical fumes from industrial plants in the area the engineer was about to sneeze and, knowing he would be unable to see the engine foreman's flag-down signal while sneezing, and to be sure he would not run into a string of cars from another track while sneezing, he came to a sudden stop. The appellant asserted that the appellee was negligent in that he was not in a safe place and position as required by its operating rules, that he should have expected a sudden stop at any time, and that the injury to the appellee resulted solely because of his own negligence. On these issues the case was tried. The court instructed the jury on the question of the care required on the part of the engineer and on the part of the appellee. The court charged that if there was negligence of another employee which caused the accident, but that if the negligence of the appellee contributed to the cause of the accident, his negligence should be considered as grounds for reducing or diminishing any award of damages. No charge was given or requested which related to the effect of sneezing as justifying conduct which might otherwise be negligent. The jury returned a verdict for the appellee in the amount of $91,000. Judgment was entered on the verdict. The appellant filed a motion for a new trial and in the alternative for a remittitur. The court entered

an order granting a new trial unless a remittitur of $21,000 be entered. The remittitur was entered and the amount of the judgment is now for $70,000. On appeal it is urged that there was no negligence in the sudden stopping of the train by the engineer in anticipation of an attack of sneezing, that the appellee was injured through his own negligence and that the verdict is excessive.

The case was submitted to the jury on instructions which amply stated the law as to negligence, contributory negligence and damages. These instructions are not here questioned. The fact that a sneeze is involuntary, violent and sudden is not decisive of the question. It was the violent and sudden stopping of the train which was asserted to be negligence of the appellant. The question was for the jury. See Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 524, 559, 77 S.Ct. 443, 459, 478, 1 L.Ed.2d 493, 515, rehearing denied 353 U.S. 943, 77 S.Ct. 808, 1 L.Ed.2d 764. The question as to the violation of the appellant's safety rule by the appellee was properly in the case. But whether it was a cause of the injury, and if so whether the sole or a contributing cause, and if the latter, the extent of the contribution were properly treated as questions for the jury. Rocco v. Lehigh Valley R. Co., 288 U.S. 275, 53 S.Ct. 343, 77 L.Ed. 743; Chicago & N. W. Ry. Co. v. Garwood, 8 Cir., 1948, 167 F.2d 848; Atchison, T. & S. F. Ry. Co. v. Ballard, 5 Cir., 1940, 108 F.2d 768, rehearing denied 5 Cir., 109 F.2d 1012, certiorari denied 310 U.S. 646, 60 S.Ct. 1096, 84 L.Ed. 1413. If there was negligence on the part of the appellant and that negligence played any part in producing the injury the appellee should recover. Rogers v. Missouri Pacific R. Co., supra.

We cannot say that the amount awarded to the appellee, as reduced by the remittitur, is excessive. The injuries were, and the appellant so admits, severe and painful. He was completely disabled for nearly three years. He has a partial disability that will be continuing and result in a substantial reduction in his future earnings. We find nothing here that requires us to set aside the award of damages. Ohio Casualty Insurance Co. v. Brown, 5 Cir., 1957, 241 F.2d 795; Travelers Ins. Co. v. Stanley, 5 Cir., 1958, 252 F.2d 115.

The judgment appealed from is Affirmed.